931 F.2d 56
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott Graham HARTMAN and Kay Hartman, Plaintiffs-Appellees,
v.
UNIVERSITY OF KENTUCKY ATHLETIC ASSOCIATION, INC., Defendant-Appellant,
Berea College and Mike Johnson, Defendants-Appellees,
University of Kentucky and Donald Weber, Defendants.
 Nos. 90-5821, 90-5837.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and COHN, District Judge.
 ORDER
 PER CURIAM:
 
 
 1
 Plaintiff Scott Hartman was severely injured while preparing for an athletic event at the University of Kentucky. He brought this diversity action against several defendants including appellant University of Kentucky Athletic Association ("UKAA" or "appellant"). UKAA moved for dismissal of the case against it on the grounds that it was an arm of the state and was therefore immune from suit under the eleventh amendment. It appeals the nonfinal Memorandum Opinion and Order entered in this action on May 3, 1990, and the nonfinal Order entered on June 13, 1990. The May 3 order denied UKAA's motion to dismiss, which was treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(c), on the basis of eleventh amendment immunity. The district court found that UKAA was not an arm of the state and was therefore not entitled to immunity. The June 13 Order denied a motion to alter or amend the earlier order and denied certification for interlocutory appeal under Fed.R.Civ.P. 54(b). Because we find that there is no subject matter jurisdiction to hear this interlocutory appeal, we DISMISS the appeal for lack of subject matter jurisdiction.
 
 
 2
 The parties agree that interlocutory appeal may be appropriate to review a determination of immunity from suit. They further recognize that this is only appropriate where there are no disputes of fact. The Supreme Court in Mitchell v. Forsyth, 472 U.S. 511 (1985), held that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is immediately appealable. Id. at 531; See also Kennedy v. City of Cleveland, 797 F.2d 297, 298 (6th Cir.1986).
 
 
 3
 In considering the motion for summary judgment, the district court made certain factual conclusions from the record presented and then applied the law to those facts. The court found that summary judgment dismissal was inappropriate as a result of applying the found facts to the relevant law. Appellant objects to the denial of its motion for summary judgment on the ground that the underlying factual findings of the judge were incorrect. This objection establishes a genuine issue of material fact. These facts are material because they are the basis for determining whether UKAA was a separate entity from the state, and therefore not entitled to eleventh amendment immunity. UKAA has therefore failed to meet the requirement for an interlocutory appeal that there not be a dispute of fact.[1]
 
 
 4
 If the appellant does not agree with the findings made on this motion, it should introduce evidence at trial to persuade the district judge that the facts are different from what the judge determined on the limited record presented at the time of the motion for summary judgment. If appellant fails to persuade the judge otherwise, after the conclusion of trial is the appropriate time to evaluate whether the factual findings are clearly erroneous. Although our decision defeats the immunity's protection from trial, the alternative of hearing an interlocutory appeal is not supported by law or reason.
 
 
 5
 The precedents of Kennedy and Mitchell explicitly exempts those cases where the immunity determination rests on a factual determination. Mitchell, 472 U.S. at 531; Kennedy, 797 F.2d at 298. Furthermore, a rule which allowed an interlocutory appeal for any case where a clearly erroneous factual determination was alleged would eviscerate this distinction for factual disputes. Any appellant could allege that the district court based its immunity decision on clearly erroneous facts and thereby obtain a court of appeals decision on the facts before a complete trial was held.
 
 
 6
 We, therefore, find that there is no jurisdiction to hear an interlocutory appeal of a denial of a motion to dismiss based on eleventh amendment immunity where there is a genuine dispute over material facts. We, therefore, DISMISS this appeal for lack of subject matter jurisdiction for the reasons stated above.
 
 
 
 [1]
 While this is not necessary to our conclusion, for clarity we note that by urging this Court to find that the district court made clearly erroneous findings of fact, UKAA virtually concedes the merits of its case. This dispute almost certainly creates a genuine issue of material fact which would have been a sufficient alternative reason to deny defendant-appellant's motion for summary judgment dismissal. To succeed on the merits, UKAA would have to show that not only were the findings of the district court clearly erroneous (although there is evidence to support the district court finding, the appellate court is left with the firm conviction that error was committed Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985)), but UKAA would also have to show that no reasonable fact finder could have found the facts as the district court did. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)